# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**ROBERT MICHAEL ARDIS,**

 **Petitioner,**

**v.**           **Case No. 3:18cv2376-LC/CAS**

**STATE OF FLORIDA,**

 **Respondent.**

         /

## REPORT AND RECOMMENDATION

On December 11, 2018, Petitioner Robert Michael Ardis, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, with attachments. ECF No. 1. He has paid the filing fee. *See* ECF No. 3. He labeled his petition "Emergency" and filed it at 10:12 a.m. on December 11, challenging a "bond revocation [that] will happen at 10:30 a.m. on 12/11/18" in Escambia County Court, which he appealed to the Escambia County Circuit Court in case number 2018 AP 0030. ECF No. 1 at 1-2.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has determined that no evidentiary

hearing is required for disposition of this case.   *See* Rule 8(a), R. Gov.

§ 2254 Cases in U.S. Dist. Cts.   For the reasons stated herein, this habeas

corpus petition should be dismissed.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody.   Section 2254(d)

provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim –
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).   *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 180-83

(2011); Gill v. Mecusker, 633 F.3d 1272, 1287-88 (11th Cir. 2011).   "This is

a 'difficult to meet' and 'highly deferential standard for evaluating state-

court rulings, which demands that state-court decisions be given the benefit

of the doubt.'"   Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 562

U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court

that adjudicated the claim on the merits."   *Id*.

In his § 2254 petition, Ardis indicates he wishes to challenge the bond

revocation that "will happen today."   ECF No. 1 at 2.   He asserts he was

not represented by counsel at a hearing that took place on December 4,

2018, "in the County Ct. Case."   *Id*. at 6.   He asserts he has moved to

South Carolina and the State of Florida "does not have personal

jurisdiction" because he "was in South Carolina at the time the alleged

'crime' occurred."   *Id*.   He asks this Court to review a "First Amended

Emergency Motion to Stay Order Revoking Bond with Pre-trial Services to

Monitor, that he filed on 12/10/18 [which is] 55 pages long and contains 9

issues as to why [his] arrests are illegal and why [his] bond should NOT be

revoked."   *Id*.   He has not attached anything to his petition, however.   He

also indicates he has "been arrested and incarcerated seven (7) times in

Pensacola soon to be eight (8) if this Honorable Court does not act swiftly."

*Id*. at 7.

As a preliminary matter, Ardis's petition is not cognizable under section 2254.   As referenced above, a federal habeas petitioner who is "in custody pursuant to the judgment of a State court" may seek relief pursuant to section 2254.   A pretrial detainee is not "in custody" pursuant to a state court judgement and, thus, section 2254 relief is not available.   *See, e.g.*, Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987).

The Court may, however, consider the petition as one seeking habeas corpus relief pursuant to section 2241, which provides a remedy for any person held in violation of the Constitution, laws, or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him."   Dickerson, 816 F.2d at 224; *see* 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004) (explaining that section 2241 applies to individuals in state pretrial detention); Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (explaining "[s]tate pretrial detention ... might violate the Constitution or the laws or treaties of the United States" and "[s]uch a prisoner would file an application for a writ of habeas corpus governed by § 2241 only" because pre-trial detainee would not be "in custody pursuant to the judgment of a State court").

At the time he filed this petition, Ardis was evidently not in custody.

A review of the website for the Escambia County Jail indicates, however,

he was booked into custody on December 11, 2018, at 10:31 a.m., with

"NO BOND," shortly after he filed the petition.   *See*

inmatelookup.myescambia.com.

Assuming Ardis wishes here to challenge the revocation of his bond,

nothing indicates he has exhausted his claims in state court.   Habeas

petitioners must exhaust state court remedies before seeking federal

habeas review.   *See, e.g.*, Braden v. 30th Jud. Cir., 410 U.S. 484, 488-89

(1973); Dickerson, 816 F.2d at 225; Thomas, 371 F.3d at 812.   "The

exhaustion requirement is the same for sections 2254 and 2241."   Butler v.

McNeil, No. 10-14138-Civ-Graham, 2010 WL 2634268 at *2 (S.D. Fla. June

9, 2010) (Report and Recommendation to dismiss § 2254 petition,

considered as § 2241 petition, brought by state pretrial detainee who had

not exhausted state court remedies); *see* Dill v. Holt, 371 F.3d 1301 (11th

Cir. 2004) ("[E]ven though [petitioner] brought his petition seeking habeas

relief under § 2241, he is nevertheless subject to § 2254's exhaustion

requirement.").   In particular, a federal habeas petitioner must first present

his federal claims to the state courts such that those courts have the first

opportunity to apply controlling law to the facts involved in any

constitutional claims.   Picard v. Connor, 404 U.S. 270, 275-77 (1971); *see*

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (To properly exhaust state

remedies, "state prisoners must give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the

State's established appellate review process.").   To circumvent the

exhaustion requirement, a petitioner must establish an "absence of

available state corrective process" or "circumstances exist that render such

process ineffective to protect [his] rights."   28 U.S.C. § 2254(b)(1)(B); *see*

Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

   Ardis may challenge the bond revocation by filing a petition for writ of

habeas corpus in the Florida appellate courts.   *See* Butler, 2010 WL

2634268 at *2; McLeod v. Chase, 95 Fla. 736, 116 So. 858 (Fla.1928)

(explaining habeas affords judicial inquiry into cause of alleged unlawful

actual deprivation of personal liberty); *see, e.g.*, Parker v. State, 843 So. 2d

871 (Fla. 2003) (explaining Parker had filed state habeas petition attacking

the revocation of bail in district court of appeal, appellate court denied

petition, and Parker then sought review before Florida Supreme Court).

Nothing indicates Ardis has done this; rather, he immediately petitioned for

this Court's intervention.   This Court lacks the authority to resolve Ardis's

pretrial release issues because the Florida courts have not yet been given

a full and fair opportunity to do so.   Further, Ardis has not alleged such

state court remedies are unavailable or that such remedies are ineffective.

## Conclusion

The habeas corpus petition (ECF No. 1) filed by Robert Michael Ardis

should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United

States District Courts provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the

applicant," and if a certificate is issued "the court must state the specific

issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)."   Rule 11(b) provides that a timely notice of appeal must still

be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a

constitutional right.   28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S.

473, 483-84 (2000) (explaining substantial showing) (citation omitted).

Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.   *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DISMISS** the habeas corpus petition (ECF No. 1).   It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 14, 2018.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.